```
TARA K. MCGRATH
United States Attorney
ALEXANDRA F. FOSTER/JOHN N. PARMLEY
Assistant United States Attorney
D.C. Bar No. 470096/CA Bar No. 178885
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-6955
Email: joseph.green@usdoj.gov

Attorneys for United States of America
```



FILED
APR 1 1 2024
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>    v.<br><br>DOUGLAS WIEDERHOLD,<br><br>        Defendant. | Case No. 23CR1202-JLS<br><br>PLEA AGREEMENT |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, Tara K. McGrath., United States Attorney, and Alexandra F. Foster and John N. Parmley, Assistant United States Attorneys, and Defendant Douglas Wiederhold, with the advice and consent of Patrick Griffin, counsel for Defendant, as follows:

### I

### THE PLEA

Defendant agrees to plead guilty to an Information charging Defendant with Conspiracy to Commit an Offense Against the United States, in violation of Title 18, United States Code, § 371, to wit: Sex Trafficking by Force, Fraud and Coercion, in violation of Title 18, United States Code, § 1591.

Plea Agreement

Def. Initials /PW/
23CR1202-JLS

The Government agrees to (1) move to dismiss the remaining charges without prejudice when Defendant is sentenced, and (2) not prosecute Defendant thereafter on such dismissed charges unless Defendant breaches the plea agreement or the guilty plea entered pursuant to this plea agreement is set aside for any reason. If Defendant breaches this agreement or the guilty plea is set aside, section XII below shall apply.

## II

## NATURE OF THE OFFENSE

A.  ELEMENTS EXPLAINED

The offense to which Defendant is pleading guilty has the following elements:

1. Beginning on an unknown date, but no later than January 2011, and continuing through an unknown date, but no earlier than March 2012, there was an agreement between two or more persons to engage in Sex Trafficking by Force, Fraud and Coercion, in violation of Title 18, United States Code, Section 1591.

2. The defendant became a member of the conspiracy knowing at least one of its objects and intending to help accomplish it.

3. One of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

B.  ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

1. From at least January 2011 through at least March 2012, Defendant participated in a conspiracy with Michael James Pratt to recruit young adult women to engage in commercial sex acts using force, fraud or coercion.

2. Pratt was the owner and operator of the pornography website girlsdoporn.com. Girlsdoporn.com featured sex videos of young adult women appearing in their first pornographic video. Girlsdoporn.com charged visitors a subscription fee to access the website's content.

3. Defendant did not recruit, but he knew that Pratt recruited women from all over the United States to appear in these videos. If the women lived far from San Diego, Pratt would book travel and pay for these women to fly to San Diego for their video shoot. Pratt would also pay for the hotels or short term rentals in San Diego where the video shoots would occur.

4. Sometimes Defendant would travel with Pratt to pick the young women up at the airport and drive them to the location of the video shoots.

5. The young adult women were paid by Pratt to perform sex acts with Defendant. Pratt was the camera operator; Pratt also directed the video shoots.

6. Defendant was employed as the male model in the girlsdoporn.com videos from at least January 2011 through at least March 2012. Pratt paid Defendant to perform sex acts with the women.

7. Defendant was in approximately 71 girlsdoporn.com videos as the male actor. All of the videos depicted young women performing oral, vaginal and sometimes anal sexual activity with Defendant.

8. Pratt instructed Defendant on what to tell the women. Pratt told Defendant that, if asked, Defendant should tell the women that the videos would not be posted on the internet. Instead, Pratt instructed Defendant to tell the women that the videos were only going onto a DVD to a collector in a foreign country, or posted to VHS for a small number of viewers in Australia. Defendant knew that Pratt made his money by posting the videos onto girlsdoporn.com, where the videos were publicly available on the internet to anyone willing to pay a fee. Defendant also knew that Pratt was posting snippets of the videos to Pornhub and other porn website to drive traffic to girlsdoporn.com.

9. Even after learning that the sex videos were being posted on the internet, Defendant falsely assured at least two women that the videos would not be posted publicly. Further, Defendant stood by while Pratt provided false assurances to the women that their videos would not be posted on the internet. After the assurances were made, Defendant would act in the pornographic videos with the women.

//
//

Plea Agreement                     4                    Def. Initials
                                                             23CR1202-JLS

## III

## PENALTIES

The crimes to which Defendant is pleading guilty carries the following penalties:

- A. a maximum 5 years in prison;
- B. a maximum $250,000 fine;
- C. a mandatory special assessment of $100 per count;
- D. a maximum term of supervised release of 3 years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release.

## IV

## DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives Defendant's right at trial to:

- A. Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;
- B. A speedy and public trial by jury;
- C. The assistance of counsel at all stages;
- D. Confront and cross-examine adverse witnesses;
- E. Testify and present evidence and to have witnesses testify on behalf of Defendant; and,
- F. Not testify or have any adverse inferences drawn from the failure to testify.

## V
### DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over to Defendant. The Government will continue to provide such information establishing the factual innocence of Defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if Defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. By pleading guilty Defendant will not be provided this information, if any, and Defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

## VI
### DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, Defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject Defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw Defendant's guilty plea.

B. No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

C. No one has threatened Defendant or Defendant's family to induce this guilty plea.

D. Defendant is pleading guilty because Defendant is guilty and for no other reason.

# VII

## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by Defendant.

# VIII

## APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge the presentence report. Nothing in this plea agreement limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

//
//

## IX

**SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE**

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what Defendant's sentence will be. The Government has not made and will not make any representation about what sentence Defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is not binding on the Court. Any recommendation by the Government at sentencing also is not binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations, Defendant will not withdraw the plea.

## X

**PARTIES' SENTENCING RECOMMENDATIONS**

A. SENTENCING GUIDELINE CALCULATIONS

Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures:

1. Base Offense Level [§ 2G1.1]            34
2. Minor Role [§ 3B1.1]                    -4
3. Acceptance of Responsibility [§ 3E1.1]  -3

B. ACCEPTANCE OF RESPONSIBILITY

Despite paragraph A above, the Government need not recommend an adjustment for Acceptance of Responsibility if Defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

1. Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;
2. Falsely denies prior criminal conduct or convictions;
3. Is untruthful with the Government, the Court or probation officer; or
4. Breaches this plea agreement in any way.

C. FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553

Defendant may request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553. The Government will oppose any downward adjustments, departures, or variances not set forth in Section X, paragraph A above.

D. NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have **no** agreement as to Defendant's Criminal History Category.

E. "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F. PARTIES' RECOMMENDATIONS REGARDING CUSTODY

The Government will recommend that Defendant be sentenced to the low end of the advisory guideline range as calculated by the Government.

//

G.  SPECIAL ASSESSMENTS/FINE/RESTITUTION

1. Special Assessments

The parties will jointly recommend that Defendant pay a special assessment in the amount of $100.00 per felony count of conviction.

2. Fine

The parties will not recommend imposition of a fine.

3. Restitution

An order of restitution may be ordered in an amount determined by the court.

H.  SUPERVISED RELEASE

If the Court imposes a term of supervised release, Defendant will not seek to reduce or terminate early the term of supervised release until Defendant has served at least 2/3 of the term of supervised release and has fully paid and satisfied any special assessments, fine, criminal forfeiture judgment, and restitution judgment.

XI

**DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence. This waiver includes, but is not limited to, any argument that the statute of conviction or Defendant's prosecution is unconstitutional and any argument that the facts of this case do not constitute the crime charged. The only exception is that Defendant may collaterally attack the conviction or sentence on the basis that Defendant received ineffective assistance of counsel. If Defendant appeals, the Government may support on appeal the sentence or restitution order actually imposed.

## XII

## BREACH OF THE PLEA AGREEMENT

Defendant and Defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if Defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

1. Failing to plead guilty pursuant to this agreement;
2. Failing to fully accept responsibility as established in Section X, paragraph B, above;
3. Failing to appear in court;
4. Attempting to withdraw the plea;
5. Failing to abide by any court order related to this case;
6. Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or
7. Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If Defendant breaches this plea agreement, Defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence

than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside Defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for Defendant's breach.

Additionally, if Defendant breaches this plea agreement: (i) any statements made by Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against Defendant in any prosecution of, or any action against, Defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the Defendant. Additionally, Defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

//

//

## XIII

### CONTENTS AND MODIFICATION OF AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

## XIV

### DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, Defendant certifies that Defendant has read it (or that it has been read to Defendant in Defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

## XV

## DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation. This is Defendant's independent opinion, and Defendant's counsel did not advise Defendant about what to say in this regard.

TARA K. MCGRATH
United States Attorney

04/02/2024
DATED

*[signature]*

ALEXANDRA F. FOSTER
JOHN N. PARMLEY
Assistant U.S. Attorneys

3-29-24
DATED

*[signature]*

PATRICK GRIFFIN
Defense Counsel

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" SECTION ABOVE ARE TRUE.**

3-29-24
DATED

*[signature]*

DOUGLAS WIEDERHOLD
Defendant